IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EVELYN J. GUTIERREZ,**

       Plaintiff,

vs.                                                   Civ. No. 97-922 SC/DJS

**KENNETH S. APFEL,**
**Commissioner of Social Security,**[1]

       Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[2]

1.   Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits.  Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing.  The Court will review the Commissioner's

---

[1]   Kenneth S. Apfel was sworn in as Commissioner of Social Security on September 29, 1997.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Kenneth S. Apfel should be substituted therefore, for Acting Commissioner John J. Callahan as the Defendant in this suit.

[2]   Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. <u>Williams v. Bowen</u>, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.     Plaintiff applied for Supplemental Security Income (SSI) benefits and Social Security Disability Insurance benefits (DIB) on August 17, 1990.  Tr. 34, 554. The Administrative Law Judge (ALJ) found that Plaintiff was not disabled pursuant to the grids.  Tr. 16.   The Appeals Council denied Plaintiff's request for review. Tr. 6.   Plaintiff appealed the final decision of the Court.  The Court reversed and remanded the decision for further development of the record.  Tr. 161-170.  A subsequent application for SSI was granted as of the date of application, July 14, 1992.  Tr. 214, 543, 544.  The ALJ held a new hearing on the DIB application.  The ALJ found that Plaintiff could return to her past relevant work as a cashier.  Tr. 158.   The Appeals Council declined Plaintiff's request for review.  The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes. Tr. 146-48.

**Statement of the Facts**

3.     Plaintiff alleges a disability since January 24, 1986 due to heart problems and blood clots in her lungs.  Plaintiff was born on May 15, 1958. Tr. 37.  Plaintiff has a twelfth grade education.

Tr. 85.  Her past relevant work was as a cashier and cosmetologist.

**Issues**

4.  Plaintiff alleges the ALJ made three errors. Specifically Plaintiff claims that: (1) the ALJ did not perform a proper analysis at step four of the sequential evaluation process by relying on findings by non-examining physicians and giving little weight to Plaintiff's treating physicians; 2) the ALJ's credibility determination is not supported by substantial evidence and is contrary to law; and 3) the ALJ failed to determine the onset date of Plaintiff's disability.

**The Standard of Review**

5.  The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence.  Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992).  Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.  Id.  It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld.  However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim

is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.   The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes her from returning to her past work. Once that showing is made, the burden shifts to the Commissioner to show: (1) that the Plaintiff, considering her age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); Salas v. Califano, 612 F.2d 480, 482-83 (10th Cir. 1979); Gardner v. Brian, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.   To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §404.1520. At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to

perform work she had done in the past. At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience. If a determination of disabled or not disabled is found at any step, further inquiry is not required. 20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive

but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. The period under review is between January 24, 1986 and June 30, 1989 for Title II benefits and between January 24, 1986 and July 10, 1992 for Title XVI benefits.

11. The ALJ's finding that Plaintiff may perform her past relevant work is supported by the substantial evidence and the ALJ applied the correct legal standards. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ considered the record as a whole and did not reject any medical evidence in the record. Although the medical evidence shows that Plaintiff has conditions which require monitoring and medication treatment, the record fails

to show disabling symptoms which would have precluded Plaintiff from performing all types of work.  Tr. 156.  It is well settled that the Plaintiff has the burden of proving her disability by establishing a medically determinable physical or mental impairment lasting at least twelve consecutive months during the adjudicated period that prevents her from engaging in any substantial activity.  <u>Channel</u>, 747 F.2d at 579; 42 U.S.C.§§423(d)(1)(A).  It is also important to note that the mere diagnosis of a condition without resulting significant functional restrictions is not disabling within the Act.  <u>Barajas v. Heckler</u>, 738 F.2d 641, 644 (5th Cir. 1985).  The UNM records indicate that during the relevant time period Plaintiff had periodic seizures.  However the seizures were well controlled with medication.  Tr. 113, 119.  Plaintiff did suffer a pulmonary embolism.  She underwent surgery and recovered well.  She is on anti-coagulant medication.  Tr. 110, 111, 120, and 121.  A report of Dr. Coultas from UNM states that Plaintiff's conditions are stable and that she will need follow-up care to monitor her Coumidin.  Tr. 127. There are also records concerning carpal tunnel syndrome however, these records are dated after Plaintiff's date-last-insured.  Though, as Plaintiff argues, the condition "did not crop up overnight" there are no records to support a finding a disability during the relevant time.  Plaintiff failed to carry her burden of proof.

    12.  Plaintiff asserts that the "medical report" of Dr. Lau should be considered evidence from a treating physician.  Dr. Lau's

letter "To Whom It May Concern" contains no examination results, laboratory testing or other objective data to support his conclusory statement that Plaintiff was "disabled."  The ALJ properly considered Dr. Lau's opinion as conclusory and insufficient to determine a disability issue.  <u>Goatcher v. Department of Health and Human Services</u>, 52 F.3d 288, 290 (10th Cir. 1995).  Further, his opinion is inconsistent with the rest of the record and the ALJ properly discounted it.  <u>See</u> <u>Castellano v. Secretary of HHS</u>, 26 F.3d 1027, 1029 (10th Cir. 1994).

13.  The ALJ relies on a residual functional capacity(RFC) assessment performed in 1990.  Tr. 84.  Plaintiff argues it does not provide substantial evidence because it is six years old.  The RFC assessment was performed during the relevant time.  Further, any recent evidence may be irrelevant.  <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1493 (10th Cir. 1991).  Further, RFC assessments by non-treating physicians can constitute the requisite substantial evidence.  <u>Smallwood v. Chater</u>, 65 F.3d 87 (8th Cir. 1995).

14.  Furthermore, the testimony of the vocational expert is substantial evidence in support of the ALJ's decision denying disability benefits to the Plaintiff.  The ALJ's hypothetical was not improper because it included impairments which were supported by the record.  Those not supported by the record were correctly not included.  <u>See</u> <u>Jordan v. Heckler</u>, 835 F.2d 1314, 1316(10th Cir. 1987).  Further, Plaintiff did not cross-examine the vocational expert and thus waives this right.  <u>Glass v. Shalala</u>, 43 F.3d 1392,

8

1396(10th Cir. 1994).

15. The ALJ's credibility determination is supported by substantial evidence. The ALJ properly discussed all the evidence which led him to his conclusion and properly and articulately considered the record as a whole. Tr. 12-17, 155-58. In accord with Luna, the ALJ looked at the objective factors of non-exertional limitations such as attempts to find relief, use of medications, willingness to try any treatment prescribed, regular contact with doctors and the Plaintiff's daily activities. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). The ALJ specifically considered the following: the fact that Plaintiff's seizure condition had been well controlled with medications; the fact that Plaintiff's pulmonary condition had been controlled after her surgery with anti-coagulants; and that Plaintiff's daily activities included walks and light work around the house. Tr. 14, 15, 156 and 157. The ALJ also points out that Plaintiff did return to work on a light basis as a cashier in 1989. Tr. 15. The ALJ provided specific explanations why each factor he considered led him to conclude Plaintiff's pain was not disabling. See Kepler v. Chater, 68 F.3d 387, 390-91(10th Cir. 1995). Furthermore, Plaintiff's physician's did not find that she had disabling symptoms which lasted for the required durational period of twelve consecutive months during the relevant period.

16. A medical advisor should be consulted if the medical evidence of onset is ambiguous. Reid v. Chater, 71 F.3d 372, 374

(10th Cir. 1995).  In order for there to be any ambiguity there must be a finding of disability.  SSR 83-10.  There is no finding of disability.   Plaintiff was found disabled pursuant to a subsequent application.  The Court does not have before it the basis for this finding.  Again, Plaintiff simply did not bear her burden of proof in the record before this ALJ.  There is no ambiguity to address.

## Recommended Disposition

For these reasons, I recommend that Plaintiff's Motion to Remand be denied.

_____
Don J. Svet
**UNITED  STATES  MAGISTRATE  JUDGE**